UNITED STATES DISTRICT COURT
WESTERN DISTRICT COURT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INNOVATIVE RESEARCH TECHNOLOGY, INC., a Tennessee corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNET TECHNOLOGY GROUP, INC., an Oklahoma corporation; CHARLES ALVIS and CHI ALVIS, individually and the marital community composed thereof and as trustees of THE ALVIS FAMILY TRUST, a Washington State Trust; AFFILIATE JOHN DOE COMPANIES 1-20; AFFILIATE JOHN DOES 1-20,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>[JURY TRIAL DEMANDED] |

COMES NOW the Plaintiff, INNOVATIVE RESEARCH TECHNOLOGY, INC., by and through its counsel of record Justin P. Walsh and James P. Ware of Gleam Law, PLLC who, for causes of action set forth below, hereby sues Defendants above-named and for its complaint alleges as follows:

//

//

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 1

Gleam Law, PLLC
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

# I. PARTIES

1.1. Plaintiff INNOVATIVE RESEARCH TECHNOLOGY, INC. (hereinafter "IRT") is a Tennessee corporation with its headquarters in Virginia. At all relevant times herein, Michael HEISLER was a resident of Clark County, Nevada and IRT's sole shareholder. At all times material, IRT was the owner of the word mark "Urinator", which is registered the mark "Urinator" with the United States Patent and Trademark Office (hereinafter "USPTO") under Registration No. 4425566.

1.2. Defendant INTERNET TECHNOLOGY GROUP, INC., (hereinafter "ITG") on information and belief, is an Oklahoma corporation. Its offices and principal place of business are located at 8332 196th Ave. Northeast, Redmond, King County, Washington. ITG's registered agent is Defendant Charles ALVIS ("Alvis"), *infra*, located at that address.

1.3. Defendant Alvis, on information and belief, is a resident of Redmond, King County, Washington. All of his wrongful acts complained of herein were done on behalf of the marital community comprising him and Defendant Chi ALVIS, also a resident of King County, Washington, and the defendant THE ALVIS FAMILY TRUST (the "Trust"), of which the defendants Charles ALVIS and Chi ALVIS are trustees. At all times material, Defendant Alvis was a controlling shareholder and officer of ITG.

1.4. Defendants AFFILIATE JOHN DOES 1-20 and AFFILIATE JOHN DOE COMPANIES 1-20, on information and belief, are, respectively, individuals and entities that have entered into an affiliate relationship with Defendants ITG and/or Alvis and who have profited off referral websites that utilize the Urinator mark owned by IRT to direct sales of infringing products by ITG. The true identities of these defendants are unknown to Plaintiff at this time and they are

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 2

Gleam Law, PLLC
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

therefore sued herein under such fictitious names. Plaintiff will amend this Complaint to reflect their true identities once they are established.

## II.     JURISDICTION AND VENUE

2.1. Subject matter jurisdiction arises under 28 USC § 1331, 28 USC § 1332, 28 USC § 1338, and 15 USC § 1121.

2.2. This Court has personal jurisdiction over the Defendant ITG, and venue is proper pursuant to 28 USC § 1391 and because the acts complained of herein occurred in King County, Washington.

2.3. Personal jurisdiction over the Alvis defendants and the defendant Trust is proper as they are all residents of Redmond, King County, Washington.

2.4. Venue is appropriate in this district pursuant to 28 USC § 1391(b) as the events giving rise to the litigation arose in Redmond, King County, Washington.

## III.     FACTS

3.1. Plaintiff IRT is the inventor of the Urinator product.

3.2. The product is designed to allow those wishing to protect their privacy with relation to their genetic material by providing synthetic urine and a discreet delivery system.

3.3. IRT has sold the Urinator in commerce since 1998 using the mark "Urinator."

3.4. IRT sought registration for the word mark "Urinator" with the USPTO in March 2013, which was granted October 29, 2013.

3.5. IRT's word mark for "Urinator" is on the USPTO principal register.

3.6. In approximately November 2013, IRT entered into a distribution agreement with ITG to sell the Urinator product.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 3

Gleam Law, PLLC
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

3.7. Pursuant to the distribution agreement between IRT and ITG, ITG was allowed to utilize the Urinator mark in accord with IRT brand standards, including solely marketing the Urinator as a method to protect genetic privacy.

3.8. Pursuant to the distribution agreement, IRT granted ITG the right to utilize the Urinator word mark on a limited basis for distributing the Urinator product. IRT could revoke the distribution agreement and license to utilize IRT's marks at will.

3.9. In October 2023, IRT discovered ITG was clearly violating the distribution agreement by marketing the Urinator as a way to bypass urine drug testing requirements.

3.10. As a result of ITG's improper marketing of the Urinator device, IRT terminated the distribution agreement with ITG as well as permission to utilize the Urinator mark for any purpose.

3.11. Despite the termination of the distribution agreement, ITG continued to market the Urinator as its own device, falsely claiming ownership.

3.12. ITG additionally continued to utilize the Urinator mark to market a product sold through the domain TestClear.com, that was similar to the Urinator and that ITG distributed.

3.13. Notably, TestClear's product is marketed as a device specifically used to circumvent urinalysis tests. By using the Urinator mark to market TestClear's product, ITG diluted the value of the Urinator mark and damaged the mark and brand's image.

3.14. The Alvises are, upon information and belief, ITG's sole shareholders and directors

3.15. The Trust owns ITG's corporate headquarters.

3.16. On information and belief, the Trust has been commingled with the Alvises' personal assets and those of ITG.

3.17. In or about December 2023, IRT discovered other instances of unauthorized use and dilution of the Urinator mark.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 4

Gleam Law, PLLC
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

3.18. Specifically, IRT discovered that the Urinator mark appeared on the TestClear.com website.

3.19. Based upon publicly available information and information within the TestClear.com Terms of Service, ITG and/or its shareholders own TestClear.com.

3.20. TestClear.com contains a hyperlink that states "the Urinator is engineered to take a Drug Test."

3.21. TestClear.com contains another hyperlink at the bottom of the page that states "click to discover more about the Urinator."

3.22. Both of these links direct the viewer to the product "TestClear Urine Simulation with Powdered Urine Kit." Attached hereto as **Exhibit 1** is a true and correct copy of a screenshot of the website as it appeared on July 31, 2024. Attached hereto as **Exhibit 2** is a true and correct copy of the page to which the "Urinator" and "Click here to discover more about the Urinator" links, which is to the TestClear's product.

3.23. Plaintiff did not authorize any use of the Urinator mark by TestClear.com nor did Plaintiff authorize any person or company to use the Urinator mark to advertise products used to circumvent a urinary analysis test.

3.24. TestClear.com also advertises that it sells "our synthetic urine kit OR our URINATOR kit."

3.25. Another page Cleartest.com (another domain owned by ITG) states under the directions tab for "Synthetic Urine Temperature Controlled Powdered Urine" that [t]he Urinator is very easy to use. It is very important that you practice at home, READ the MANUAL and feel comfortable before using it in a testing situation." These instructions were copied, verbatim, from the urinator.com website.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 5

Gleam Law, PLLC
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

3.26. Another infringing site, at peacehealthlabs.org, utilized the Urinator mark, alongside a picture of the Urinator product. When clicking the "CHECK THE DEAL" link next to the Urinator product, the link directed to a site selling the TestClear Urine Simulation and Powdered Urine Kit.

3.27. On information and belief, ITG through its agents or owners is responsible for linking the "CHECK THE DEAL" button to link to ITG's website to purchase the TestClear product even though the link stated customers would be sent to a website to purchase the Urinator.

3.28. The peacehealthlabs.org website contained eight such pages mentioning the Urinator product, with the links purporting to be for the Urinator product instead directing potential customers to ITG websites selling the TestClear product.

3.29. In marketing the TestClear product on the peacehealthlabs.org website, ITG through its agents or owners utilized intellectual property of PeaceHealth without PeaceHealth's knowledge to make it appear that PeaceHealth endorsed the links to ITG's TestClear product.

3.30. Similar to the peacehealthlabs.org website, on information and belief, ITG, through its agents or owners, responsible for two web pages on the norcs.org website which utilized the Urinator mark, which purported to link a website where customers could purchase IRT's Urinator product, and which instead directed customers to ITG's TestClear product.

3.31. Similar to the peacehealthlabs.org website, on information and belief, ITG through its agents or owners caused the website impacteen.org which utilized the Urinator word mark, which purported to link customers to IRT's Urinator product, and which instead direct customers to ITG's TestClear product.

3.32. Similar to the peacehealthlabs.org website, on information and belief, ITG through its agents or owners is responsible for multiple web pages on wghfund.org which utilized the

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 6

Gleam Law, PLLC
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

Urinator word mark, which purported to link customers to a website where they can purchase IRT's Urinator product, and which instead direct customers to a website where ITG's TestClear product is available for purchase.

3.33. Similar to the peacehealthlabs.org website, on information and belief, ITG through its agents or owners responsible for a web page on thebridgeofhope.org which utilized the Urinator word mark, which purported to link customers to a website where they can purchase IRT's Urinator product, and which instead direct to a website where ITG's TestClear product is available for purchase.

3.34. Similar to the peacehealthlabs.org website, on information and belief, ITG through its agents or owners responsible for a web page on aptituderesearchpartners.com which utilized the Urinator word mark, which purported to link customers to a website where they can purchase IRT's Urinator product, and which instead directs customers to a website where ITG's TestClear product is available for purchase.

3.35. Similar to the peacehealthlabs.org website, on information and belief, ITG through its agents or owners is responsible for a web page on medicalopedia.com which utilized the Urinator word mark, which purported to link customers to a website where they can purchase IRT's Urinator product, and which instead directs customers to a website where to ITG's TestClear product is available for purchase.

3.36. Similar to the peacehealthlabs.org website, on information and belief, ITG through its agents or owners is responsible for a web page on drlark.com, which purported to be a link to purchase IRT's Urinator product, and which instead direct to ITG's TestClear website where TestClear's product is available for purchase.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 7

Gleam Law, PLLC
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

3.37. Similar to the peacehealthlabs.org website, on information and belief, ITG through its agents or owners is responsible for a web page on guardfamily.org which utilized the Urinator word mark, which purported to link customers to a website where they can purchase IRT's Urinator product, and which instead directs them to a website that sells ITG's TestClear product.

3.38. Similar to the peacehealthlabs.org website, on information and belief, ITG through its agents or owners is responsible for web pages on aptituderesearchpartners.org which utilized the Urinator mark, which purported to link customers to a website that sells IRT's Urinator product, and which instead directs customers to website that sells ITG's TestClear product.

3.39. Similar to peacehealthlabs.org, on information and belief, ITG through its agents or owners is responsible for a web page on drlark.com which utilized the Urinator word mark, which purports to link to a website where customers can purchase IRT's Urinator product, and which instead directs customers to a website that sells ITG's TestClear product.

3.40. Similar to peacehealthlabs.org, on information and belief, ITG through its agents or owners is responsible for multiple web pages on icwglobal.org which utilize the Urinator word mark, which purports to link customers to a website that sells IRT's Urinator product, and which instead directs customer to a website that sells ITG's TestClear product.

3.41. In addition, several online advertisement campaigns with Google currently or have in the past reference the Urinator deceptively to link to websites that sell ITG's TestClear product.

3.42. At deccanherald.com, the website contained a sponsored advertisement titled "Best Synthetic Urine Kits: Pee Brands to Pass a Drug Test." The sponsored advertisement at deccanherald.com contained and likely currently contains a link purporting to be the "Test Clear Urinator" despite the fact the product being sold is ITG's TestClear product.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 8

Gleam Law, PLLC
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

3.43.    The deccanherald.com website utilized the Urinator word mark in multiple places, and purportedly directs customers to a website where they can purchase IRT's Urinator product, but which instead directs customers to ITG's website that ~~only~~ sells ITG's TestClear products.

3.44.    On information and belief, the improper use of the Urinator mark on the deccanherald.com website was done at the direction of ITG through its agents or owners.

3.45.    At ndtv.com, the website contains multiple "partner content" pages, advertising both "How To Pass A Urine Drug Test | Passing A Drug Test Using Fake Urine, Synthetic Urine" and "Best Synthetic Urine Kits Of 2024: Top 5 Fake Pee, Synthetic Pee Brands to Pass a Drug Test."

3.46.    Partner content, as used on the ndtv.com website, is synonymous with paid advertisements. Plaintiff has never paid to have its products advertised on ndtv.com as "Partner Content" or otherwise.

3.47.    The "Partner Content" at ndtv.com contained references to the "Test Clear Urinator" and despite claiming the product being discussed is IRT's Urinator, the links to purchase the Urinator direct readers and customers to ITG's website to purchase-TestClear's product.

3.48.    The ndtv.com website utilized the Urinator mark in multiple places, which states it is linking readers and customers to a website to purchase IRT's Urinator product, and which instead directs readers and customers to ITG's website to purchase ITG's TestClear product.

3.49.    On information and belief and based upon the fact that the paid advertisement directed readers and customers to ITG's website, the improper use of the Urinator mark on the ndtv.com website was done at the direction of ITG through its agents or owners.

3.50.    Several websites owned and operated by Sound Publishing, including those for The Tacoma Daily Index, The Renton Reporter, The Kirkland Reporter, The Bellevue Reporter, and

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 9

Gleam Law, PLLC
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

1  The Daily World contained and likely still contain multiple sponsored advertisements, listed as a
2  "Spotlight", which purportedly link to a website where readers and customers can purchase IRT's
3  Urinator product, and which instead directed customers and readers to ITG's website to purchase
4  ITG's TestClear product.

5    3.51.   On information and belief and based upon the fact that the paid advertisement
6  directed readers and customers to ITG's website, the improper uses of the Urinator mark on the
7  Sound Publishing websites was done at the direction of ITG through its agents or owners.

8    3.52.   A website owned and operated by Great Lakes Publishing Company for its paper,
9  The Cleveland Scene, contained multiple instances of sponsored paid content which purportedly
10 directed and likely still directs readers and customers to a website where they can purchase IRT's
11 Urinator product, but which instead directed and likely still directs customers to ITG's website to
12 purchase ITG's TestClear product.

13   3.53.   At villagevoice.com, the website contained an article authored by a "Brand Partner
14 Agency" titled "How to Pass a Drug Test For Marijuana /Weed (Best THC Detox)."

15   3.54.   On information and belief, the article author "Brand Partner Agency" is utilized
16 when an article is a paid advertisement on villagevoice.com. Therefore, a company or person pays
17 to have the article published, which ultimately is an advertisement.

18   3.55.   The villagevoice.com website utilized the Urinator word mark and purportedly
19 contained a link to a website where readers and customers can purchase IRT's Urinator product,
20 but which instead directs customers and readers to ITG's website to purchase ITG's TestClear
21 product.

22 //
23 //

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 10

Gleam Law, PLLC
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

3.56. On information and belief and based upon the fact that the paid advertisement directed readers and customers to ITG's website, the improper use of the Urinator mark on the villagevoice.com website was done at the direction of ITG through its agents or owners.

3.57. In addition, several websites purporting to be reviews or purchase pages by doctors reference the Urinator deceptively link to ITG's TestClear website to purchase the TestClear product.

3.58. On tafmed.org, a review purportedly authored by Michael S. Bardwell contains options to purchase IRT's Urinator product and utilizes the Urinator word mark. The link in the review, however, directs readers and customers to the ITG's TestClear website where the TestClear product is available for sale.

3.59. The use of the Urinator mark and links to purchase the Urinator found on tafmed.org was done for the express purpose of redirecting those wishing to purchase the Urinator product to ITG's website in order to persuade customers to purchase ITG's TestClear product.

3.60. The use by tafmed.org of the Urinator mark and links to purchase the Urinator to redirect those wishing to purchase the Urinator product to ITG's TestClear product was intentional and was done at the direction of Defendants.

## IV. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
Federal Trademark Infringement—15 USC § 1114
(As to All Defendants)

4.1. IRT re-alleges and re-incorporates all allegations as set forth above.

4.2. The Urinator mark is a valid and protectable trademark.

4.3. Without IRT's consent, Defendants have used and continue to use the Urinator mark related to the sale, marketing, and distribution of ITG's TestClear product.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 11

Gleam Law, PLLC
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

4.4. Defendants' use of the Urinator mark in interstate commerce is likely to and has caused confusion, mistake, and is deceptive as to the affiliation, connection, association, and sponsorship or approval of ITG's goods, services, and commercial activities by IRT.

4.5. Defendants' acts were undertaken without IRT's consent and infringe on IRT's rights in the Urinator mark.

4.6. Defendants' actions complained of herein were willful and with the intent to confuse and deceive the public in general and IRT's customers and potential customers specifically.

4.7. Defendants' actions have damaged and continue to damage IRT's business, reputation, and the goodwill in IRT's name and the Urinator mark, and have interfered and continue to interfere with IRT's use of the Urinator mark and the sale of the Urinator product.

4.8. Defendants have caused, and unless enjoined, will continue to cause irreparable harm and injury to Plaintiff and the value of the Urinator mark for which there is no adequate remedy in law.

4.9. Pursuant to 15 USC § 1116, Defendants should be permanently enjoined from using the Urinator mark, or any variant thereof, or otherwise infringing on IRT's trademark rights in the Urinator mark.

4.10. Pursuant to 15 U.S.C. § 1117, IRT is entitled to recover from Defendants the following:

    a. Disgorgement of all profits Defendants have received from their misuse of the Urinator mark and all variants thereof;

    b. The monetary damages IRT sustained due to Defendants' misuse of the Urinator mark, including all costs IRT will incur to correct Defendants' false and deceptive

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 12

Gleam Law, PLLC
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

advertising and misrepresentations of the Urinator mark;

c. All damages for Defendants' intentional infringement, bad faith, and willful misconduct, equal to three times profits ITG obtained or IRT's monetary damages, whichever is greater; and

d. IRT's reasonable attorney fees and legal costs associated with prosecuting this action.

4.11. IRT is entitled to an order compelling Defendants to destroy all materials bearing the Urinator mark or other products, services, and advertisements related to Defendants' misuse of the Urinator mark. *See* 15 USC § 1118.

## SECOND CAUSE OF ACTION
Federal False Designation of Origin—15 USC § 1125(a)
(as to all Defendants)

4.12. IRT re-alleges and re-incorporates all allegations as set forth above.

4.13. IRT owns the Urinator mark, which is a valid and protectable mark.

4.14. Defendants' use of the Urinator mark in commence to direct customers to ITG's TestClear product has caused or is likely to cause confusion, mistake, and deception as to the affiliation, connection or association between IRT's Urinator product and ITG's TestClear product.

4.15. Defendants have infringed on IRT's Urinator mark with the intent to compete against IRT and benefit off IRT's reputation and goodwill by misleading the deceiving the public in general and IRT customers specifically into believing that ITG's TestClear is associated with, sponsored or endorse by, or approved by IRT when it is not.

4.16. Defendants have constructive and actual knowledge of IRT's ownership in the Urinator mark and prior use of the Urinator mark, including its registration, and without IRT's

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 13

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

consent, willfully violated 15 USC § 1125(a).

4.17.   Defendants' actions have caused damages to and will continue to cause damage to IRT's business, reputation and goodwill, and has interfered and will continue to interfere with IRT's use of the Urinator mark and the sale of Urinator products.

THIRD CAUSE OF ACTION
State Law Trademark Imitation—Ch. 19.77 RCW
(as to all Defendants)

4.18.   IRT re-alleges and re-incorporates all allegations as set forth above.

4.19.   Defendants used, without the consent of IRT, the Urinator mark associated with the sale of ITG's goods.

4.20.   The use of IRT's mark by Defendants was and is likely to cause consumer confusion and/or to cause confusion or mistake or to deceive consumers as to the source of origin of ITG's goods or services.

4.21.   Defendants' use of IRT's mark associated with the sale of ITG's goods was intentional.

4.22.   Pursuant to RCW § 19.77.150, IRT is entitled to damages (including disgorgement of profits), trebled damages, attorneys' fees, and costs.

4.23.   IRT has been and will continue to be irreparably harmed by Defendants' violations of the Washington Trademark Imitation Act and has no adequate remedy at law. Unless restrained by the Court, the violations will continue to cause injury to IRT and the public.

FOURTH CAUSE OF ACTION
Washington Consumer Protection Act—Ch. 19.86 RCW
(as to all Defendants)

4.24.   IRT re-alleges and re-incorporates all allegations as set forth above.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 14

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

4.25. Defendants' acts violate the Washington Consumer Protection Act, RCW 19.86.020 et seq., because they constitute unfair methods of competition and unfair and deceptive acts and practices willfully and deliberately committed in the conduct of trade and commerce that adversely affects the public interest and injury to IRT's business and property. Further, given the nature of Defendants' actions, they are not an isolated instance and are of the nature that they are repeatable and likely to be repeated in the future.

4.26. As a result of the acts described above, Defendants are misleading and misdirecting consumers who are attempting to access IRT's website, do not realize they are being connected to a website not in any way affiliated with IRT's Urinator product.

4.27. Pursuant to RCW § 19.86.090, IRT is entitled to damages, trebled damages, attorneys' fees, and costs.

4.28. IRT has been and will continue to be irreparably harmed by Defendants' violations of Washington's Consumer Protection Act and has no adequate remedy at law. Unless restrained by this Court, the violations will continue to cause injury to IRT and the public.

FIFTH CAUSE OF ACTION
Common Law Trademark Infringement
(as to All Defendants)

4.29. IRT re-alleges and incorporates all allegations as set forth above.

4.30. IRT and ITG and in the business of selling similar products, albeit IRT markets its Urinator for limited use while ITG markets TestClear for untoward uses.

4.31. IRT has common law trademark rights to Urinator in each state in which IRT sells its Urinator products utilizing its Urinator mark.

4.32. IRT has owned and been using the mark in commerce since 1998.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 15

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

4.33. ITG has been misusing the Urinator mark to sell its TestClear products across the United States to the detriment and injury to IRT and the Urinator mark.

4.34. Defendants' actions have caused, and are likely to continue to cause, confusion, mistake, or deception as to the source, origin, sponsorship or approval by IRT of ITG's TestClear products, and such actions constitute infringement of IRT's Urinator mark.

4.35. By their actions Defendants have infringed on IRT's Urinator marks deliberately and willfully with the intention of wrongfully trading on and benefiting from the good will and reputation symbolized by the Urinator mark.

4.36. Defendants' conduct as described above has been willful, deliberate, malicious, and within the expressed intent to injure IRT. As a result, IRT is entitled to damages, including any exemplary damages available to IRT, as set forth below.

SIXTH CAUSE OF ACTION<br>Breach Of Contract<br>(As to Defendant ITG only)

4.37. Plaintiff re-alleges and incorporates each allegation as set forth above.

4.38. As part of its right to market and sell the Urinator, Defendant ITG agreed not to market the Urinator as a product used to avoid or obfuscate drug tests.

4.39. ITG executed this agreement annually as a condition to market and sell the Urinator.

4.40. The agreement clearly stated that if ITG violated the contract, then its rights to market and sell the Urinator would cease. This included ITG's right to use the mark.

4.41. When began marketing the Urinator as a product use to obfuscate drug tests, ITG breached the agreement.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 16

Gleam Law, PLLC
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

4.42. ITG's continued use of the Urinator mark after its breach of the parties' agreement has caused Plaintiff damages.

4.43. As a result of ITG's actions, Plaintiff is entitled to damages as set forth below.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

5.1. For IRT's First Cause of Action:

  a. For monetary judgment against Defendants, jointly and severally, for all damages IRT suffered because of Defendants actions in an amount to be proven at trial;

  b. For an award of all profits Defendants received from their misuse and infringement of the Urinator mark in an amount to be proven at trial;

  c. For a finding that Defendants' actions were willful and, as a result, an award of treble damages equal to three times the greater of IRT's monetary damages or the profits Defendants received through their misuse and infringement of the Urinator mark;

  d. For a preliminary and permanent injunction against Defendants barring them from using the Urinator mark in any manner that infringes upon IRT's rights in the Urinator mark; and

  e. An order directing Defendants to destroy all material within its care, custody, or control that infringes on IRT's Urinator mark.

5.2. For IRT's Second Cause of Action an award of damages against Defendants, jointly and severally, in an amount to be proven at trial for Defendants violation of 15 USC § 1125(a);

//

//

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 17

Gleam Law, PLLC
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

5.3. For IRT's Third Cause of Action:

    a. An award of damages against Defendants, jointly and severally, in an amount to be proven at trial; and

    b. For a preliminary and permanent injunction against Defendants barring them from using the Urinator mark in any manner that infringes upon IRT's rights in the Urinator mark.

5.4. For IRT's Fourth Cause of Action an award of damages, including treble damages in the maximum amount allowed under law, against Defendants, jointly and severally, for Defendants' violation of Washington's Consumer Protection Act in an amount to be proven at trial.

5.5. For IRT's Fifth Cause of Action an award of damages against Defendants, jointly and severally, for their violation of IRT's common law trademark rights to the Urinator mark in an amount to be proven at trial.

5.6. For IRT's Sixth Cause of Action an award of all foreseeable damages, including foreseeable consequential damages that were proximately caused by ITG's breach of the agreement in an amount to be proven at trial.

5.7. For an award of attorney fees and legal costs based upon any statutory, contractual, or equitable basis available to IRT.

5.8. For prejudgment interest at the maximum rate allowed under law for all damages the Court deems as liquidated.

5.9. For post judgment interest on the judgment entered in IRT's favor at the maximum rate allowed under law; and

5.10. For such other relief as this Court deems just and equitable.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 18

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596

## VI. JURY DEMAND

6.1. Plaintiff demands trial by jury on all issues so triable.

DATED this 15th day of August, 2024.

        GLEAM LAW, PLLC

        s/Justin P. Walsh
        Justin P. Walsh, WSBA No. 40696
        James P. Ware, WSBA No. 36799
        GLEAM LAW, PLLC
        605 First Ave., Sute 330
        Seattle, WA 98104
        206-693-2900
        justin@gleamlaw.com
        james@gleamlaw.com
        *Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF – 19

**Gleam Law, PLLC**
605 First Avenue, Suite 330
Seattle, WA 98104
P: (206) 693-2900
F: (206) 319-4596