UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INNOVATIVE RESEARCH TECHNOLOGY, INC., a Tennessee corporation,
Plaintiff,

v.

INTERNET TECHNOLOGY GROUP, INC., an Oklahoma corporation, et al.,
Defendant.

CASE NO. 2:24-cv-01263-TL

ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION AND TO CORRECT THE RECORD

This matter is before the Court on Defendant Internet Technology Group, Inc. ("ITG")'s Motion for Reconsideration and to Correct the Record.[1] Dkt. No. 81. Having considered the Motion, Plaintiff's Response (Dkt. No. 90), and the relevant record, the Court DENIES the Motion.

The order at issue is the Court's Order on Plaintiff's Rule 30(b)(4) Motion ("Order"). Dkt. No. 79. However, Defendant ITG states right off the bat that it "does not seek

[1] Although the docket and motion title suggest that this motion is presented by all Defendants, the text of the Motion indicates that it is brought by Defendant ITG.

reconsideration of the Court's substantive ruling regarding the conduct of the expert depositions." *Id.* at 1. Rather, the actual purpose of Defendant ITG's motion was to correct the record to accurately reflect certain communications between the Parties that caused the Court to note in its Order that it was disturbed with Defendants' behavior. *Id.* at 2. The Court understands Defendant ITG's desire to correct the record. However, for the reasons set forth in Plaintiff's opposition, and as ITG's fuller explanation is now contained on the docket through its motion, the Court sees no reason to disturb its earlier Order.

The Court also points out that it called out both Parties in its Order, stating it did not find either Party's arguments particularly convincing. Dkt. No. 79 at 1. The Court is, quite frankly, perplexed by the Parties' inability to work out these types of discovery issues without the involvement (and continued requested involvement, despite the Court indicating it will work with the Parties on the discovery schedule) of the Court. Placing such matters before the Court is not a particularly good use of either Counsel's or the Court's time, especially at a time when the Court and this District have been inundated with time-sensitive immigration habeas petition filings. *See* Dkt. No. 73 at 2 n.1.

For the reasons stated, the Court ORDERS:

(1) Defendants' Motion for Reconsideration (Dkt. No. 81) is DENIED.

(2) The Parties SHALL utilize the procedure set forth in Local Civil Rule 37(a)(2) for all future discovery disputes.

(3) The Parties are REMINDED that this District's meet-and-confer requirement requires them to "attempt to resolve the matter in dispute without the court's involvement" and that "a high degree of professionalism and collegiality among counsel" is expected. LCR 1(c)(6).

Dated this 15th day of October, 2026.

Tana Lin
United States District Judge